UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 06-10242-RWZ

FRANK FAGONE

v.

UNITED STATES OF AMERICA

ORDER
June 19, 2009

ZOBEL, D.J.

    Frank Fagone pled guilty to a four-count indictment charging him with conspiracy to distribute heroin and the substantive offenses of distribution of heroin and possession with intent to distribute heroin and cocaine. The sentencing guideline range was calculated to be a term of imprisonment of 210 to 262 months in light of the government's notice under 21 U.S.C. § 851 and the determination that, based on three prior state court convictions for drug offenses, defendant was a career offender. After a lengthy sentencing hearing which included able argument by defense counsel challenging the validity of the state convictions, defendant was sentenced to a term of imprisonment of 120 months. He now invokes 28 U.S.C. § 2255 to challenge the validity of his plea on the ground that counsel improperly calculated the Guideline sentencing range and did not adequately advise him of his exposure. He also asserts that certain of the state court convictions were invalid and counsel had failed to object to their use in the calculation. He states that he was prejudiced because he would

have proceeded to trial had he been properly advised of the sentencing range. The motion is denied.

The primary problem with the motion is that the facts simply do not support the claim of ineffective assistance of counsel.

First, the transcript of the change of plea hearing is crystal clear that, based on the preliminary calculation by both counsel for the government and for the defendant, defendant was advised of precisely the range the court ultimately determined to be applicable. He acknowledged understanding the court's explanation and stated that he had discussed his decision to plead with his counsel and that he was satisfied with counsel's representation.

Second, counsel indicated at the change of plea hearing that he intended to object to the use of some prior convictions in the sentencing calculation and he did so at the sentencing hearing. His argument failed not for lack of effort, but for lack of supporting facts. Indeed, the Barnstable District Court, where the convictions occurred, had earlier denied a request to vacate one or more of them and the certified record of that court fully supported the use of those convictions in this court.

Third, defendant's assertion that he would have proceeded to trial had he but known, does not support his claim of prejudice. The government's evidence included testimony by an undercover police officer that on the two dates alleged in the indictment defendant handed the drugs in question to him and received a sum of money therefor. The first transaction was videotaped and both were recorded as were a number of telephone calls preceding them. In sum the government had a strong case

and a plea preserved, at least, two points for acceptance of responsibility.

Finally, Mr. Fagone was, in any event, fully informed of the likely sentencing range at the Rule 11 hearing and he expressed his understanding thereof. Moreover, as the court stated after sentencing, counsel submitted very good and helpful sentencing materials which in no small part persuaded the court to impose a sentence that was 90 months less than the low end of the Guideline range.  Counsel's performance can in no way be deemed ineffective under <u>Strickland v. Washington</u>, 446 U.S. 668 (1984).

The motion is denied.


    June 19, 2009                                       /s/Rya W. Zobel
DATE                                            RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE